UNITED STATES of America,
Appellant,

v.

Neely B. MAYTON, John Allen Blackburn, Floyd Bamberg, as Registrars of Voters of Perry County, Alabama, and State of Alabama, Appellees.

No. 21014.

United States Court of Appeals
Fifth Circuit.
Nov. 6, 1963.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., David Rubin, Harold H. Greene, Attys., Dept. of Justice, John Doar, Asst. Atty. Gen., Washington, D. C., for appellant.

Richmond M. Flowers, Atty. Gen., Gordon Madison, Asst. Atty. Gen. of Ala., Montgomery, Ala., for appellees.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

PER CURIAM:

The motions filed by the United States for a preference and for a hearing before November 20, 1963, and for a hearing on the original record and to substitute typewritten for printed briefs on this appeal are hereby Granted.

The case is set for hearing before the Court convened in New Orleans on the 18th day of November 1963, at 3 o'clock p. m.

GEWIN, Circuit Judge (dissenting).

I would deny the motion for a preference and for a hearing before November 20, 1963, on the original record (not printed) and typed briefs as requested by the United States. It is inconceivable to me that the overcrowded docket of a busy panel of an overloaded Court of Appeals should be further burdened with giving a preferential and special hearing in a case where a U. S. District Judge has presumptively given a careful review to 175 letter requests for registration. There will not be sufficient time for printing the records or the briefs. Everything else must be laid aside in order to hear this case. There are many important cases in this Court pending long before this one, which have not been heard and which will not receive preferential treatment. There are literally hundreds of such cases, involving the liberty of human beings who are in prison, property rights, constitutional rights, and numerous other important legal questions, which will be decided without *special preference*. Nevertheless, the United States has requested us to disregard all other responsibilities and give a special hearing to determine whether a U. S. District Judge acted wisely and discreetly in passing upon the letters in question. The motion is not verified and it is not supported by affidavits or other documents. It is nothing more than a request of counsel for a litigant who has appealed, that we hear that litigant's case before others of equal or even greater importance have a chance to reach the docket. The Judiciary should not allow the zealous, demanding and over-enthusiastic request of one litigant to prevail over others whose cases are also vital, and deserve the early attention of the Court. An emergency is not created by the unsworn, unsupported assertion of an advocate that it does exist.

I would Deny the motion and require this case to take its place in line with the hundreds of others already pending. See dissenting opinion in Armstrong, et als. v. Board of Education of Birmingham, et als., 5 Cir. 1963, 323 F.2d 333.